RAMONA GUERRERO-GUERRA, Plaintiff and Appellee, *v.* HEIRS OF JOSÉ IGNACIO VILÁ Y RODRÍGUEZ (NARCISO, PABLO, VICENTA, DÁMASO, JUAN, MARTÍN, RAMONA VILÁ Y MARTÍNEZ; MIGUEL, DÁMASO, FERNANDO, JOSÉ and ANA VILÁ Y GUERRERO; MONSERRATE, HERMINIA, CARMELO, PURA, FRANCISCO and REYMUNDO VILÁ Y POLANCO) and PEDRO VICENTY Y SIMIDEY, Defendants and Appellants.

No. 3483. Argued March 10, 1925.—Decided July 28, 1925.

1. WILL—SEPARATE PROPERTY—ERRONEOUS STATEMENT OF TESTATOR.—The fact that a testator states in his will that the property owned by him is his separate property does not invalidate the will, even if the statement is not true.

2. ID.—OMISSION OF NAME OF WIFE.—The omission of the name of the wife in a will made by the husband does not invalidate the will.

3. ID.—CONJUGAL PARTNERSHIP—SEPARATE PROPERTY—PROPERTY ACQUIRED BY EXCHANGE.—Property reacquired by the husband during wedlock in exchange for property belonging exclusively to him is considered his separate property.

4. ID.—ID.—ID.—ID.—The apparent ganancial character of a property acquired during wedlock disappears when it is shown that it belongs to one spouse exclusively because he acquired it in exchange for his separate property.

District Court of Mayagüez, Angel Acosta, J. Judgment for the plaintiff in an action to annul a will. *Reversed.*

*Alfredo Arnaldo* for the appellants. *Pascasio Fajardo Martínez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this case the District Court of Mayagüez declared void the will made by José Ignacio Vilá Rodríguez before a notary public on March 21, 1923, and set aside the testamentary proceedings in the case, with costs to the plaintiff.

The defendants appealed from that judgment and set up various reasons for a reversal, one being that the lower court erred in overruling the demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, a question which we shall proceed to consider.

The plaintiff is the widow of José Ignacio Vilá Rodríguez and brought this action against the children borne by her in wedlock with him and against his children of a former marriage, alleging as a first cause of action that while married to Vilá they bought with money of the conjugal partnership a property of 96.54 acres of land (described) and also some personal property; that her husband stated falsely and maliciously in his will made shortly before his death that the said properties belonged to him exclusively and willed them to the children of his two marriages in prejudice to the rights of the plaintiff as joint owner, and that he did not recognize in his will the usufructuary right given to her by law as heir and surviving spouse. In the second cause of action she alleged that the executor named in the will brought testamentary proceedings, praying for and obtaining from the court testamentary letters, thus depriving the plaintiff of her right as joint owner in the said properties. And as the third cause of action she alleged in

addition to the foregoing facts that the executor and the heirs were appropriating to themselves the products of the property.

On these allegations she prayed the court to annul the said will as well as the testamentary proceedings and to appoint a trustee to manage the property during the pendency of the suit. This is a summary of the allegations of the complaint.

Although the plaintiff set up three causes of action, there are only two, because the third refers to a provisional measure to be taken while the suit was pending and a trustee was appointed; therefore, we shall consider the demurrer in regard to the first two causes of action, that is, whether because José Ignacio Vilá Rodríguez stated in his will that the property of 96.54 acres was his separate property, which the plaintiff disputes, and because he did not mention in his will his widow as usufructuary heir according to law, the said will and the proceedings brought by the executor named in it are void as claimed by the plaintiff.

[1] A will is the act by which a person disposes of all or a part of his property to take effect after his death, according to section 675 of the Civil Code, wherefore every will must contain a disposition of the property to take effect after death and if it does, as in this case, it is a will and is not invalid because it contains statements regarding the character of the property; therefore the fact that the testator stated that his property was separately owned by him, although not true, does not strip the will of its character as such, because that statement is not essential in the will and even if it were true that the property belonged to the conjugal partnership, it is not a sufficient ground for annulling the will; hence the plaintiff has no cause of action on that ground.

[2] Nor has she a cause of action because the testator failed to name his wife in his will as an heir of the usufructuary share given her by law, because the Civil Code

prescribes in the second paragraph of section 802 that the omission of the surviving spouse from a will does not annul the nomination of heirs, but the omitted party shall preserve the rights which the code gives to him.

If, therefore, the will is not invalid on either of the grounds alleged, the second cause of action can not be maintained, for the executor acted by virtue of an appointment made in a will that the plaintiff erroneously considers invalid.

[3, 4] We might end this opinion here by dismissing the complaint and annulling the appointment of a trustee made in accordance with its prayer, but as under the erroneous decision of the lower court the parties went to trial and submitted their evidence and the lower court held that the property in question was community property the widow could bring another action on that particular, we think it proper to consider that question, which is relied on in the other grounds of appeal.

It appears from the evidence that José Ignacio Vilá brought to his second marriage eleven parcels of land that had been adjudicated to him under the will of his first wife and were, therefore, his separate property; that while a widower he bought two farms, one of 83.54 acres and another of 13 acres; that after his second marriage he executed a public deed on March 25, 1912, to which his second wife was a party and by which, after reciting the dates and public deeds of purchase of those two farms and stating that he was a widower at that time, he consolidated them into one property of 96.54 acres, the property involved in this suit, and by the same instrument sold it to Juan Vicenty Ramos with the unnecessary consent of his wife because the two properties consolidated were the separate property of the husband bought by him before his second marriage. A year later, or on April 12, 1913, Vilá bought the same farm from Ramos and on the same day and before the same notary he sold to Pablo Deogracias Vilá Mar-

tínez the other pieces of land that had been adjudicated to him under the will of his first wife. And it also appears that Juan Vicenty Ramos, the only witness at the trial, testified that he was god-father of José Ignacio Vilá and had charge of all of his business; that on March 25, 1912, José Ignacio Vilá agreed to sell to his son, Pablo Vilá Martínez, the property of 96.54 acres and the deed of conveyance was executed in the name of Ramos at the request of Pablo Vilá because Ramos had paid $1,000 and would transfer the title to him later; that when that deed was executed José Ignacio Vilá said that he would not deliver it until he had harvested the crop and never delivered it because, being a wealthy man of advanced age, he did not want to move to the other farm; that then the witness convinced Pablo Vilá Martínez that he should take the other farm because it was cheaper and because his old father would remain on the farm of 96.54 acres which was nearer to the road, and Pablo Vilá having accepted that proposition, on April 12, 1913, two deeds were executed, by one of which the witness returned by sale the farm that he appeared to have bought the year before. By the other deed Pablo Vilá purchased the other farm from José Ignacio Vilá.

The evidence convinces us that José Ignacio Vilá sold the property of 96.54 acres to his son Pablo Vilá Martínez although the title was put in the name of Juan Vicenty Ramos and that the acquisition of it later by Vilá while married was in exchange for other properties of his which were awarded to him in the testamentary proceedings of his first wife, for which reason the said acquisition during wedlock, although it appears to be a purchase, was in fact a reacquisition in exchange for other properties belonging to him and is, therefore, separate property according to paragraph 3 of section 1314 of the Civil Code, as it was acquired by exchange for other property belonging to the husband, for although it should be considered community property until it is shown that it belongs separately to one of the

spouses, as it appears from the title that it was purchased during marriage, as provided by section 1322 of the Civil Code, nevertheless the community character of the property disappears because it has been proved that it belonged exclusively to the husband, he having acquired it in exchange for other property belonging to him.

For the foregoing reasons the judgment appealed from must be reversed and substituted by another dismissing the complaint and setting aside the order of January 23, 1924, appointing a trustee.